(165 App. Div. 795)

### PEOPLE v. TOLAND. (No. 337–24.)

(Supreme Court, Appellate Division, Third Department. January 15, 1915.)

1. BURGLARY (§ 9*)—ELEMENTS—BREAKING.
    Breaking out of a building was not "burglary" at common law.
    [Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 6–12; Dec. Dig. § 9.*
    For other definitions, see Words and Phrases, First and Second Series, Burglary.]

2. BURGLARY (§ 9*)—ELEMENTS—"BREAKING."
    The opening of a closed outer door to gain entrance is a sufficient "breaking" in burglary.
    [Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 6–12; Dec. Dig. § 9.*
    For other definitions, see Words and Phrases, First and Second Series, Breaking.]

3. STATUTES (§ 241*)—CONSTRUCTION—CRIMINAL STATUTE.
    A criminal statute will be strictly construed.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 322, 323; Dec. Dig. § 241.*]

4. BURGLARY (§ 9*)—"BREAKING OUT" OF BUILDING—DOOR CLOSED BY DEFENDANT.
    Where defendant entered a barn through an open outer door and stole a heifer, and an accomplice closed the door through which they had entered while the heifer was being caught and killed, the opening of such door on leaving by the defendant or his accomplice would not constitute such a "breaking out" as is necessary to constitute burglary under Penal Law (Consol. Laws, c. 40) § 404, subd. 2.
    [Ed. Note.—For other cases, see Burglary, Cent. Dig. §§ 6–12; Dec. Dig. § 9.*]

    Kellogg and Woodward, JJ., dissenting.

Appeal from Franklin County Court.

Ward Toland was convicted of burglary, and he appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

A. B. Cooney, of Malone, for appellant.

John W. Genaway, Dist. Atty., of Malone, for the People.

SMITH, P. J. Appellant was indicted by the grand jury of Franklin county, together with one Treffly Roland, Jr., for the crime of burglary in the third degree, in that they upon the 4th day of November, 1913, "being in a building, to wit, the barn owned by one David Adams, did commit a crime therein, to wit, the crime of petit larceny, and after having committed said crime, did, wrongfully, unlawfully, feloniously and burglariously break out of said building to wit, said barn, by forcibly unhooking and unfastening and opening an outer door in said barn, going out of the said barn, through the said outer door so opened; against the form of the statute.  *  *  * "

[1, 2] From the proof it appears that these parties came to the barn of David Adams and there found the door open. They went in and stole a heifer. While in there, to prevent the heifer's getting out of the barn while they were catching it, the door was closed, or partly closed, by one of the party. The testimony of one witness is that the door was hooked and fastened. He did not remember what kind of a fastening there was. The testimony of the other witness, who was also an accomplice, was that the door was never entirely closed, but that one of the parties stood in the door, holding it nearly shut, but leaving a space of two or three inches, until they were ready to bring the heifer from the barn, when the door was released and flew open from its own weight. It probably cannot be said that the determination of the jury that the door was fastened and afterwards opened by the parties committing the larceny is unsupported by the evidence. The testimony that the door was fastened was given by the man who said he fastened it. Both witnesses testifying to the facts in reference thereto were accomplices of the defendant, and the jury might have been impressed with the evidence of one party or the other, so as to leave them without reasonable doubt as to this fact. Furthermore, one heifer had in fact run out of the barn prior to this time, so the jury might have considered it more probable that the door would have been securely fastened to prevent a like escape of the heifer that they afterwards tried to take. Under the common law, breaking out of a building did not constitute "burglary." Breaking into a building has always constituted burglary, and the opening of an outer door constitutes such breaking under section 499 of the Penal Code. By statute, however, the crime of burglary was committed when, having committed a crime within a building, the party charged thereafter broke out of the building. The entering into a building through an open door and committing a crime does not constitute burglary, so that the wrongful invasion of another's premises does not seem to be of the essence of the crime. When, however, the door has been closed by the owner, it is his right that that door re-

main closed as against any one not invited to enter, and so jealous is the law in the protection of this right that to unlawfully open that door, though unlocked, is made criminal. In that case the door has been shut presumptively against all intruders.

[3, 4] In the case at bar, however, the situation is somewhat different. The door was found open. It was not shut by the owner or any one else as against intruders. It was closed, if entirely closed, by the defendant and his accomplices temporarily, and for the purpose of securing the object of their larceny. If the door had not been closed, the crime would simply have been larceny. Because they themselves closed the door wholly or partly for the purpose either of concealment or of making more sure of their theft, can hardly be deemed to have altered their crime, and to hold that the opening of the door which they themselves had closed had increased their crime would seem to be a characterization of a greater crime without any additional invasion of the rights of the owner. The criminal law should be strictly construed. Under this rule of construction, I am unwilling to hold that the breaking out of a building is an element of a crime, unless through the opening of a door not closed by the defendant himself. In my judgment therefore the crime of burglary has not been proven, and the judgment of conviction must be reversed.

The judgment should therefore be reversed, and new trial granted.

Judgment reversed, and case remitted to County Court for new trial. All concur, except KELLOGG, J., dissenting in opinion in which WOODWARD, J., concurs.

JOHN M. KELLOGG, J. (dissenting)    This case turns upon the meaning of section 404 of the Penal Law, which reads as follows:

"Burglary in the third degree,—a person who (1) with intent to commit a crime therein, breaks and enters a building, or a room, or any part of a building, or (2) being in any building, commits a crime therein and breaks out of the same, is guilty of burglary in the third degree."

The language is not ambiguous and the meaning seems plain. The crime depends upon the acts of the party accused, and not upon the acts of the owner of the building. If a thief breaks the door of a building with intent to steal therein, it is immaterial who closed the door, because the statute is silent upon that question. The material facts are the thief, the closed door, and the opening of the door with a criminal intent. Under subdivision 2 it is immaterial who closed the door or when it was closed. The material facts are, so far as we are interested in the question, a person (either lawfully or unlawfully) in the building who commits a crime therein and opens a door in order to get out. We cannot use force upon the statute and warp it from its plain meaning by finding exceptions not warranted by its language or the clear legislative intent. The facts in this case do not invite such action.

Here the owner left the barn door open so that the heifers could go in or out at will. The defendant and his accomplices entered the barn for the purpose of killing a heifer therein. The first heifer sought to be killed escaped through the open door. Then they closed and fastened the door, one of them guarding it while the others pro

ceeded to kill the remaining heifer. The door was closed to keep the heifer from escaping and also probably to lessen the chance of detection. They made use of the closed door in committing and in protecting themselves while committing the larceny. Their act in thus closing the door was an illegal act, and does not enable them to violate the clear letter and spirit of the burglary statute. When the heifer was killed, they found themselves confined to the barn unable to take away the stolen property or to gain their own liberty without breaking the building. If they had opened another door and escaped by it, their liability would not seriously be questioned. It is immaterial by what door they escaped so long as they and the stolen property were imprisoned in the barn and it was necessary for them to remain in or break out. The same result would follow if the door had remained open while they were killing the heifer and the wind had caused it to close. They could not get out without breaking the building. The owner of a house purposely leaves the front door open; a sneak thief enters it, closes the door so as to avoid detection from the outside, steals an overcoat, raises a back window, and jumps out. He is clearly within the intent and spirit of the burglary statute. It is immaterial whether he jumps out of the back window or returns and opens the door which he had closed to hide his acts. I favor an affirmance.

WOODWARD, J., concurs.